**FILED**

APR 2 0 2005

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PLANS, INC.,

     Plaintiff,

     v.

SACRAMENTO CITY UNIFIED
SCHOOL DISTRICT, TWIN BRIDGES
ELEMENTARY SCHOOL DISTRICT,
DOES 1-100,

     Defendants.

_____/

CIV. NO. S-98-266 FCD/PAN

THIRD AMENDED
PRETRIAL CONFERENCE ORDER[1]

Pursuant to court order, a Pretrial Conference was held on February 11, 2005. Scott M. Kendall, appeared as counsel for plaintiff. Christian M. Keiner, Michelle L. Cannon and Susan R. Denious, appeared as counsel for defendants. After the hearing, the court makes the following findings and orders:

## I. JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. §§ 1331 and 1343, and has previously been

---

[1] The court issued a "Pretrial Conference Order" on January 15, 2001, and an "Amended Pretrial Conference Order" on April 24, 2001. After the Ninth Circuit remand, on February 22, 2005, the court issued a "Pretrial Conference Order", which should have been entitled "Second Amended Pretrial Conference Order." Thus, this order is the Third Amended Pretrial Conference Order.

found to be proper by order of this court, as has venue. Those orders are confirmed.

## II. NON-JURY

1      Trial shall be by the court.

2

## III. UNDISPUTED FACTS

3      a.      Waldorf method used by the schools is that the same teacher progresses through

4          each grade with his or her class, through the eighth grade.

5      b.      Austrian-born Rudolf Steiner founded Waldorf education in 1919 when he

6          created a school in Germany for the children of the Waldorf-Astoria cigarette

7          factory workers.

8      c.      In September 1995, Sacramento City Unified School District ("SCUSD") began

9          operating Oak Ridge School as a Waldorf methods magnet school.

10      d.      Rudolf Steiner College, a school for teacher training in Waldorf education,

11          submitted a proposal for the training of the Oak Ridge teachers in the use of

12          Waldorf methods in a public school setting. Betty Staley, the Dean of Faculty,

13          created the teacher training program for the Oak Ridge teachers in 1995. The

14          teachers began their teacher training through Rudolf Steiner College in spring of

15          1996.

16      e.      Just prior to the 1997-1998 school year, the Waldorf Methods Magnet School

17          moved from Oak Ridge School and became the John Morse Waldorf Methods

18          Magnet School ("John Morse").

19      f.      In August 1994, Twin Ridges Elementary School District ("Twin Ridges") agreed

20          to sponsor a Waldorf methods charter school.

21      g.      The Twin Ridges Alternative Charter School opened in September 1994.

22      h.      The following year, the Twin Ridges Alternative Charter School moved and

23          became the Yuba River Charter School.

24      i.      Both schools currently operate as public schools using Waldorf methods in the

25          classroom.

26

2

## IV.  DISPUTED FACTS

This case involves issues of law, and/or mixed questions of law and fact, in constitutional adjudication as outlined in the court's last pretrial order.

1.   Whether anthroposophy is a religion.

    A.   Whether anthroposophy is a system of belief and worship of a superhuman controlling power involving a code of ethics and philosophy requiring obedience thereto.

    B.   Whether anthroposophy addresses fundamental and ultimate questions having to do with "deep and imponderable matters."

    C.   Whether anthroposophy is "comprehensive in nature."

    D.   Whether anthroposophy can be recognized by formal and external signs such as formal services, ceremonial functions, the existence of clergy, structure and organization, efforts at propagation, observance of holidays and other similar manifestations associated with the traditional religions.

2.   Whether the Waldorf inspired methodology employed by John Morse advances and promotes anthroposophy.

    A.   What are the current curricular and extra-curricular activities at John Morse.

    B.   Whether John Morse curricular and extra-curricular activities fit within accepted teaching strategies and local, state, or federal instructional guidelines.

    C.   What are the governance and accountability systems in effect for John Morse.

    D.   What are the operational and personnel systems in effect for John Morse.

3.   Whether the Waldorf inspired methodology employed by school(s) within TRESD advances and promotes anthroposophy.

    A.   What are the current curricular and extra-curricular activities at TRESD

school(s) employing a Waldorf inspired methodology.

    B.    Whether curricular and extra-curricular activities at TRESD school(s)
employing a Waldorf inspired methodology fit within accepted teaching
strategies and local, state, or federal instructional guidelines.

    C.    What is the governance and accountability system in effect for TRESD
school(s) employing a Waldorf inspired methodology.

    D.    What is the operational and personnel system in effect for TRESD
school(s) employing a Waldorf inspired methodology.

4.    Whether the Waldorf inspired methodology employed by John Morse results in
excessive entanglement with anthroposophy.

    A.    Whether anthroposophy is benefitted by the use of Waldorf inspired
methodology at John Morse.

    B.    Whether SCUSD, due to the operation of John Morse, pays from public
funds any benefit or provides aid to anthroposophy, and if so, what is the
nature of such benefit or aid.

    C.    Whether due to the operation of John Morse there is a current relationship
between SCUSD and anthroposophy.

    D.    Whether SCUSD public officials supervise public employees on public
property.

5.    Whether the Waldorf inspired methodology employed by TRESD results in
excessive entanglement with anthroposophy.

    A.    Whether anthroposophy is benefitted by the use of Waldorf inspired
methodology by schools within TRESD.

    B.    Whether TRESD, due to the operation of school(s) employing a Waldorf
inspired methodology, pays from public funds any benefit or provides aid
to anthroposophy, and if so, what is the nature of such benefit or aid.

    C.    Whether due to the operation of school(s) employing a Waldorf inspired

4

methodology, there is a current relationship between TRESD and
anthroposophy.

1

        D.      Whether TRESD public officials supervise public employees on

2

                public property.

3

### V. EVIDENTIARY ISSUES/MOTIONS IN LIMINE

4

     The court held a hearing on defendants' motions in limine on April 1, 2005. Plaintiff did

5

not timely file any motions in limine. Counsel for both parties were present at the April 1, 2005

6

hearing at which the court made the following rulings from the bench.[2]

7

     Defendants' Motion In Limine No. 4: The court reserved ruling for trial on whether to

8

exclude evidence of anthroposophy not relevant to the determination of whether it is a religion

9

or to the teachings or activities at either school. Court indicated that plaintiff will be required to

10

make a proffer to which defendants may object.

11

     Defendants' Motion In Limine No. 5: The court reserved ruling for trial on whether to

12

exclude evidence regarding Rudolf Steiner not relevant to the methods at either school. Court

13

indicated that plaintiff will be required to make a proffer to which defendants may object.

14

     Defendants' Motion In Limine No. 6: The court reserved ruling for trial on whether to

15

exclude testimony by witnesses lacking personal knowledge. At this stage, defendants' motion

16

pertains solely to plaintiff's witnesses **Francesca Schomberg** and **Tina Means**.

17

     Defendants' Motion In Limine No. 7: The court reserved ruling for trial on whether to

18

exclude evidence of personal beliefs or practices of witnesses. The court found, and parties

19

agreed, that any such evidence would be relevant, if at all, only in the second phase of trial on

20

First Amendment issues and not to the issue of whether anthroposophy is a religion.

21

     Defendants' Motion In Limine No. 11: The court granted, pursuant to Fed. R. Civ. P.

22

37(c), defendants' motion to exclude trial witnesses listed by plaintiff who were not disclosed to

23

defendants during discovery. The following witnesses are excluded from testifying: Cynthia

24

25

26

   [2]  The court previously disposed of defendants' motions in limine 1 through 3 and 8 through 10 at a hearing held on April 11, 2001.

5

Hoven, Margit Ilgen, Ina Jachnig, Ernst Schuberth, Rena Osmer, Peggy Alessandri, Astrid Schmitt-Stegmann, Dennis Klocek,, Rev. Franziska Hesse, Rev. Sanford Miller, and Robert London.[3]

Defendants' Motion In Limine No. 12: The court granted defendants' motion to exclude exhibits listed by plaintiff that were not disclosed to defendants pursuant to Fed. R. Civ. P. 37(c). Pursuant to that ruling, the following exhibits are excluded: Plaintiff's Exhibits Numbers 100-113, 116-118, 120-134, 136-159, 161-169, 171, 174-183, 186-187, 189-192, 194-199, and 201-217.

Defendants' Motion In Limine No. 13: The court granted defendants' motion to exclude expert witnesses listed by plaintiff that were not disclosed to defendants during discovery, noting however that all such witnesses identified by plaintiff already had been otherwise excluded.

Parties' witness and exhibit lists, attached to this order, have been amended to reflect this court's ruling on the motions in limine.

## VI. **RELIEF SOUGHT**

Plaintiff has not requested damages. Plaintiff seeks a permanent injunction "enjoining defendants from operating taxpayer funded Waldorf schools, or other schools that similarly violate ... [the federal and state constitution]." Additionally, Plaintiff seeks a declaration that Defendants' alleged operation of "Waldorf schools" violates both the state and federal constitutions. Finally, Plaintiff seeks attorneys fees and costs pursuant to 42 United States Code section 1988.

Defendants deny that they are operating "Waldorf schools." Defendants contend that Plaintiff's focus upon two schools (Twin Ridges Alternative Charter School and Oak Ridge Waldorf Methods Magnet School) no longer in operation improperly seeks retroactive injunctive and declaratory relief. *See Quern v. Jordan*, 440 U.S. 332 (1979) (no retrospective relief

---

[3]    Defendants originally sought exclusion of the following additional witnesses: Eugene Schwartz and Else Gottgens. Plaintiff withdrew its intent to call Schwartz as a witness, (see Pl.'s Opp'n to Defs.' Mot. In Limine 13 at 1 n.1.), and defendants withdrew their request to exclude Else Gottgens. (See Defs.' Joint Reply to Pl.'s Opp'n to Defs.' Motion in Limine 13 at 5 n. 7.)

6

allowed). Defendants also contest Plaintiff's demand for overbroad injunctive relief to entirely shut down all Waldorf-inspired public schools in current operation. If any particular aspect of the Defendants' current programs or activities is found by declaratory judgment by this court to rise to the level of a constitutional violation, that aspect can be remedied. The Defendants can promptly bring any school into compliance with the court's declaration.

## VII. POINTS OF LAW/TRIAL BRIEFS

A.    The parties cite the following points of law:

### General

1.    Whether anthroposophy is a religion for Establishment Clause purposes under current United States Supreme Court and Ninth Circuit standards.

2.    Whether John Morse advances anthroposophy through Waldorf inspired methodology in violation of Establishment Clause.

3.    Whether Yuba River advances anthroposophy through the Waldorf inspired methodology in violation of Establishment Clause.

4.    Whether John Morse advances anthroposophy through the Waldorf inspired methodology in violation of Article XVI Section 5 of California Constitution.

5.    Whether Yuba River advances anthroposophy through the Waldorf inspired methodology in violation of Article XVI Section 5 of California Constitution.

### SCUSD and Endorsement:

6.    Whether an objective observer in the position of an elementary school student would perceive a message of endorsement of anthroposophy in the use of Waldorf education methods at John Morse.

7.    This observer is not an expert on esoteric religions.

8.    Whether mere consistency with, or resemblance to, a religious practice has the primary effect of endorsing religion.

9.    Whether the Waldorf method program at John Morse primarily advances the previously adjudicated secular purpose of educational innovation and

7

desegregation through a magnet school.

**TRESD and Endorsement:**

10.     Whether an objective observer in the position of an elementary school student would perceive a message of endorsement of anthroposophy in the use of Waldorf education methods at any charter school sponsored by TRESD, including Yuba River.

11.     This observer is not an expert on esoteric religions.

12.     Whether mere consistency with, or resemblance to, a religious practice has the primary effect of endorsing religion.

13.     Whether the Waldorf inspired charter schools sponsored by TRESD primarily advance the previously adjudicated secular purpose of educational innovation pursuant to the Charter Schools Act, California Education Code section 47600 et seq.

**Entanglement Test Waiver:**

**SCUSD and "Excessive Entanglement" Test:**

14.     Whether there is payment of SCUSD public funds to a private religious institution. The court must determine the "character and purposes of the institutions that are benefitted, the nature of the aid that the State provides, and the resulting relationship between the government and religious authority."

15.     Whether there is excessive entanglement between SCUSD and religion in general.

16.     Whether supervision of public employees by public officials creates excessive entanglement between church and state.

**TRESD and "Excessive Entanglement" Test:**

17.     Whether there is payment of TRESD public funds to a private religious institution. The court must determine the "character and purposes of the institutions that are benefitted, the nature of the aid that the State provides, and

the resulting relationship between the government and religious authority."

18. Whether there is excessive entanglement between TRESD and religion in general.

19. Whether supervision of public employees by public officials creates excessive entanglement between church and state.

### California Constitution:

20. Whether the court should abstain from ruling upon the alleged California Constitution violations since this case is one of first impression and the California legal standards are not entirely clear, and could raise conflicts between federal and state constitutional rights.

21. If the court does not abstain, then the court must determine whether Defendants violate Article I, section 4, Article XVI, section 5, or Article IX, section 8 of the California Constitution.

22. The test for the California Constitution, Article I, section 4's "establishment clause" appears to be "endorsement." Article I, section 4's "no preference" clause appears to raise the issue whether government has granted a preferential benefit to a particular sect, religion, or religion in general, that is not granted to society at large.

23. Article XVI, section 5, has been held to prohibit official involvement, whatever its form, which has the direct, immediate, and substantial effect of promoting religious purposes. The test appears to be whether the government aid is direct, or indirect, and whether the nature of the aid is substantial or incidental. Article IX, section 8, precludes public funds appropriated for support of a sectarian or denominational school; any school not being under exclusive control of the officers of the public schools; and the instruction of any sectarian or denominational doctrine in a common school. An "incidental" benefit to a private, sectarian school is permissible if the "direct" benefit is to the student.

9

## **Relief:**

24. Whether the relief requested by Plaintiff is necessary and proper in the circumstances as presented at trial.

B. The parties are free to brief any additional points of law necessary for resolution at trial.

C. Counsel are directed to Local Rule 16-285 regarding the contents of trial briefs. Trial briefs should be filed **fourteen (14) calendar days prior to trial.**

## **VIII. ABANDONED ISSUES**

None.

## **IX. WITNESSES**

Plaintiff anticipates calling the witnesses listed on **Attachment "A"**. As the court was not provided with a copy of plaintiff's witness list in electronic format, the court has redacted the witnesses excluded by court order by drawing a line through the name of such witnesses.

Defendant anticipates calling the witnesses listed on **Attachment "B"**.

Each party may call a witness designated by the other.

A. No other witnesses will be permitted to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

(2) The witness was discovered after the Pretrial Conference and the proffering party makes the showing required in "B" below.

B. Upon the post-Pretrial discovery of witnesses, the attorney shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify. The evidence will not be permitted unless:

(1) The witnesses could not reasonably have been discovered prior to Pretrial;

(2) The court and opposing counsel were promptly notified upon discovery of the witnesses;

10

(3)   If time permitted, counsel proffered the witnesses for deposition;

(4)   If time did not permit, a reasonable summary of the witnesses' testimony was provided opposing counsel.

C.   Plaintiff will not be permitted to call defendants' designated expert witnesses, Robert L. Anderson, and Dr. Douglas Sloan, or defendants' previously-designated expert witnesses, Dr. Chrystal Olsen and Betty Staley.

D.   In light of the court's determination that there are disputed facts with respect to the Twin Ridges ESD, defendant Twin Ridges is granted leave to amend its witness list to add Deborah Lenny, a previously disclosed witness not included on Twin Ridges' witness list.

E.   The parties shall provide an original and three (3) copies of their proposed witness list.

## X. EXHIBITS, SCHEDULES AND SUMMARIES

At present, plaintiff contemplates by way of exhibits those listed on **Attachment "C"**. As the court was not provided with a copy of plaintiff's exhibit list in electronic format, the court has redacted the exhibits excluded by court order by drawing a line through the exhibit number and title.

At present, defendant contemplates by way of exhibits those listed on **Attachment "D"**. Plaintiff's exhibits shall be listed numerically. Defendant's exhibits shall be listed alphabetically. The parties shall use the standard exhibit stickers provided by the court: pink for plaintiff and blue for defendant. All multi page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered. The list of exhibits shall not include excerpts of depositions, which may be used to impeach witnesses.

Each party may use an exhibit designated by the other. **In the event that plaintiff(s) and defendant(s) offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is first identified. The court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused by one exhibit being identified with both a number and a letter.**

11

A.    No other exhibits will be permitted to be introduced unless:

1    (1)    The party proffering the exhibit demonstrates that the exhibit is for the purpose of
rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

2    (2)    The exhibit was discovered after the Pretrial Conference and the proffering party
3    makes the showing required in paragraph "B," below.

4    B.    Upon the post-Pretrial discovery of exhibits, the attorneys shall promptly inform the court
5    and opposing counsel of the existence of such exhibits so that the court may consider at trial their
6    admissibility.  The exhibits will not be received unless the proffering party demonstrates:

7    (1)    The exhibits could not reasonably have been discovered prior to Pretrial;

8    (2)    The court and counsel were promptly informed of their existence;

9    (3)    Counsel forwarded a copy of the exhibit(s) (if physically possible) to opposing
10    counsel.  If the exhibit(s) may not be copied, the proffering counsel must show that he has made
11    the exhibit(s) reasonably available for inspection by opposing counsel.

12    C.    As to each exhibit, each party is ordered to exchange copies of the exhibit
13    **not later than twenty-one (21) calendar days prior to trial**.  Each party is then granted **ten (10)**
14    **calendar days to object** to the exhibit(s).  Objections will be heard at 11:00 a.m. on the date of
15    trial.  The hearing on the objections will be scheduled at the same time that in limine motions are
16    heard.  In making the objection, the party is to set forth the grounds for the objection.  Each party
17    is directed to present to Maureen Price, Deputy Courtroom Clerk, the original exhibits and two (2)
18    copies for the court, **no later than 3:00 p.m. on the Friday before trial,** or at such earlier time as
19    may be agreed upon.  As to each exhibit which is not objected to, it shall be marked and may be
20    received into evidence on motion and will require no further foundation.  Each exhibit which is
21    objected to will be marked for identification only.

22    D.    The Court's copy shall be presented in a 3-ring binder(s) with a side tab
23    identifying each exhibit by number or letter.  Each binder shall be no larger than two and one half
24    (2 ½)  inches in width and have an identification label on the front and side panel.  If this
25    requirement is not practicable, please contact the courtroom deputy seven (7) days prior to trial to

26

12

make other arrangements.

E.     The parties shall also provide a 3-ring binder(s), identical to the Court's copy, for use on the witness stand.

F.     The parties shall provide an original and three (3) copies of an exhibit list (corresponding to the marked exhibits).

## XI. DISCOVERY DOCUMENTS

A.     Filing Depositions. It is the duty of counsel to ensure that any deposition which is to be used at trial has been filed with the Clerk of the Court. Counsel are cautioned that a failure to discharge this duty may result in the court precluding use of the deposition or imposition of such other sanctions as the court deems appropriate.

B.     Use of Depositions. The parties are ordered to file with the court and exchange between themselves **not later than seven (7) calendar days before the trial** a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

C.     Interrogatories. The parties are ordered to file with the court and exchange between themselves **not later than seven (7) calendar days before trial** the portions of Answers to Interrogatories which the respective parties intend to offer or read into evidence at the trial (except portions to be used only for impeachment or rebuttal).

## XII. FURTHER DISCOVERY OR MOTIONS

Pursuant to the court's Status Conference Order, all discovery and law and motion was to have been conducted so as to be completed as of the date of the Pretrial Conference. That order is confirmed. The parties are free to do anything they desire pursuant to informal agreement. However, any such agreement will not be enforceable in this court.

## XIII. AUDIO/VISUAL EQUIPMENT

The parties are required to make a joint request, in writing to the Courtroom Deputy, Maureen Price, **twenty-one (21) calendar days prior to the commencement of trial** if they wish to reserve and arrange for orientation with all parties on the court's mobile audio/visual equipment

13

for presentation of evidence. There will be one date and time for such orientation. Because each

courtroom is not individually equipped with the mobile audio/visual equipment, the equipment

may already be reserved for another courtroom. In such, case, the parties will need to consult with

Ms. Price if they wish to furnish their own equipment and operator with the permanent equipment

in the courtroom.

## XIV. STIPULATIONS

None.

## XV. AMENDMENTS/DISMISSALS

None.

## XVI. SEPARATE TRIAL OF ISSUES

Trial shall be bifurcated. Trial solely on the issue of whether anthroposophy is a religion

shall precede trial of all remaining issues. Trial of remaining issues, if necessary, will

immediately follow trial solely on the issue of whether anthroposophy is a religion.

## XVII. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

Plaintiff disclosed no expert witnesses before the April 16, 2004, deadline. See section

IX of this order.

Defendants disclosed Dr. Douglas Sloan and Robert Anderson. No other non-percipient

witnesses will be called at trial.

## XVIII.   DAUBERT/KUMHO PROCEDURE

Defendants' filed a *Daubert* motion on February 1, 2001, to exclude the Plaintiff's

proposed expert witnesses: Dan Dugan, John Morehead, Dr. James M. Morton, Dr. Eugenie

Scott, Debra Snell and Kathleen Stuphen.

The court ordered that Dan Dugan and John Morehead be excluded as expert witnesses.

The court limited the testimony of Dr. James M. Morton to his expertise as to religion regarding

his definition as encompassed by the Christian doctrines, Protestant doctrines and individual

Southern Baptist doctrines.

Plaintiff conceded to the court that Debra Snell and Kathleen Stuphen will testify as

14

percipient witnesses instead of as expert witnesses. Plaintiff conceded that Dr. Eugenie Scott will not be called to testify as an expert witness.

## XIX. ATTORNEYS' FEES

The matter of the award of attorneys' fees to prevailing parties pursuant to statute will be handled by motion in accordance with Local Rule 54-293.

## XX. ESTIMATE OF TRIAL TIME/TRIAL DATE

A bench trial is scheduled for **September 12, 2005.** The estimated length of trial is sixteen days. Counsel are to call Maureen Price, Courtroom Deputy, at (916) 930-4163, **twenty-one (21) calendar days prior to trial** to ascertain the status of the trial date.

## XXI. OBJECTIONS TO PRETRIAL ORDER

**Each party is granted ten (10) *court* days from the date of this Order to object to or augment this Order.**

IT IS SO ORDERED.

DATED:   April 19, 2005

FRANK C. DAMRELL, JR.
United States District Judge

15

# ATTACHMENT "A"

## Plaintiff's Amended Witness List

| | | |
|---|---|---|
| | ~~Dr. Chantal Olson~~ | (Defendants' Expert) To describe the purpose of bringing Waldorf education into the public sector. |
| | ~~Robert A. Andersen~~ | (Defendants' Expert) To describe his experience with the work of Ruldolf Steiner and with Waldorf education. |
| | ~~Betty Staley~~ | (Defendants' Expert) To describe her understanding of the relationship between Anthroposophy, religion, and Waldorf Education. |
| | ~~Dr. Douglas Sloan~~ | (Defendant's expert) To describe the relationship between Anthroposophy and religion. |
| 5. | Terry Pequette | To provide percipient testimony regarding the operation of the publicly funded Waldorf school in the Twin Ridges Elementary School District. |
| 6. | Francesca Schomberg | To provide percipient testimony regarding the operation of the publicly funded Waldorf school in the Sacramento City Unified School District |
| 7. | Tina Means | To provide percipient testimony regarding the operation of the publicly funded Waldorf school in the Sacramento City Unified School District |
| | ~~Eugene Schwartz~~ | To provide foundational testimony regarding the relationship between Waldorf Education and Anthroposophy |
| 9. | Lee Pope | To provide percipient testimony regarding the |

| | | |
|---|---|---|
| | | operation of the publicly funded Waldorf school in the Twin Ridges Elementary School District. |
| 10. | Caitlan Cawley | To provide percipient testimony regarding the operation of the publicly funded Waldorf school in the Twin Ridges Elementary School District. |
| 11. | David Anderson | To provide percipient testimony regarding the operation of the publicly funded Waldorf school in the Twin Ridges Elementary School District. |
| 12. | Carol Fegte | To provide percipient testimony regarding the operation of the publicly funded Waldorf school in the Twin Ridges Elementary School District. |
| 13. | Karen Geisler | To provide percipient testimony regarding the operation of the publicly funded Waldorf school in the Twin Ridges Elementary School District. |
| 14. | George Hoffecker | To provide percipient testimony regarding the operation of the publicly funded Waldorf school in the Twin Ridges Elementary School District and oversight thereof in his role as superintendent. |
| 15. | Carol Nimick | To provide percipient testimony regarding the operation of the publicly funded Waldorf school in the Twin Ridges Elementary School District. |
| 16. | Sallie Romer | To provide percipient testimony regarding the operation of the publicly funded Waldorf school in the Twin Ridges Elementary School District. |
| 17. | David Taylor | To provide percipient testimony regarding the operation and administration of of the publicly funded Waldorf school in the Twin Ridges Elementary School District. |

| | 18. | Caleb Buckley | To provide percipient testimony regarding the operation and administration of the publicly funded Waldorf school in the Twin Ridges Elementary School District. |
|---|---|---|---|
| | 19. | Irma Jue | To provide percipient testimony regarding the operation and administration of the publicly funded Waldorf school in the Sacramento City Unified School District. |
| | 20. | Lauren Rice | To provide percipient testimony regarding the operation of the publicly funded Waldorf school in the Sacramento City Unified School District. |
| | 21. | Patricia Ryan | To provide percipient testimony regarding the operation of the publicly funded Waldorf school in the Sacramento City Unified School District. |
| | 22. | Cynthia Mayes | To provide percipient testimony regarding describe her understanding of the relationship between Anthroposophy, religion, and Waldorf Education. |
| | 23. | Margit Bjorn | To provide percipient testimony regarding describe her understanding of the relationship between Anthroposophy, religion, and Waldorf Education. |
| | 24. | Joe Technig | To provide percipient testimony regarding describe her understanding of the relationship between Anthroposophy, religion, and Waldorf Education. |
| | 25. | Ernst Schubert | To provide percipient testimony regarding describe his understanding of the relationship between Anthroposophy, religion, and Waldorf Education. |
| | 26. | Rose Osman | To provide percipient testimony regarding describe her understanding of the relationship between |

| | | |
|---|---|---|
| | | Anthroposophy, religion, and Waldorf Education. |
| 27. | ~~Peggy Alessandri~~ | To provide percipient testimony regarding describe her understanding of the relationship between Anthroposophy, religion, and Waldorf Education. |
| 28. | ~~Astrid Schmitt-Stegmann~~ | To provide percipient testimony regarding describe her understanding of the relationship between Anthroposophy, religion, and Waldorf Education. |
| 29. | ~~Dennis Klocek~~ | To provide percipient testimony regarding describe his understanding of the relationship between Anthroposophy, religion, and Waldorf Education. |
| 30. | Ann Mathews | To provide percipient testimony about the Waldorf seminars and instruction attended by teachers at the subject schools. |
| 31. | Else Gottgens | To provide percipient testimony about the Waldorf seminars and instruction attended by teachers at the subject schools. |
| 32. | ~~Rev. Franciska Hasse~~ | To provide foundational testimony about anthroposophy teachings and practices and the relationship between Anthroposophy and religion. |
| 33. | ~~Rev. Sanford Miller~~ | To provide foundational testimony about anthroposophy teachings and practices and the relationship between Anthroposophy and religion. |
| 34. | ~~Robert London~~ | To provide foundational testimony about anthroposophy teachings and practices and the relationship between Anthroposophy and religion. |

## ATTACHMENT "B"

## Defendants' Amended Witness List

**Sacramento City Unified School District Witnesses:**

1. Lisa Broadkey: parent. Defendants anticipate Ms. Broadkey will testify regarding the program at John Morse.

2. Chris Chavez: teacher. Defendants anticipate Ms. Chavez will testify regarding the program at John Morse.

3. Cheryl Eining: principal. Defendants anticipate Ms. Eining will testify regarding the Waldorf methods program at John Morse.

4. David Kuchera: parent. Defendants anticipate Mr. Kuchera will testify regarding the program at John Morse.

5. Jane Marks: parent. Defendants anticipate Ms. Marks will testify regarding the program at John Morse.

6. Susan Miller: administrator. Defendants anticipate Ms. Miller will testify as to the oversight and operation of John Morse.

7. Lauren Rice: teacher. Defendants anticipate Ms. Rice will testify regarding the program at John Morse.

8. Barbara Warren: teacher. Defendants anticipate Ms. Warren will testify regarding the program at John Morse.

9. Chris Whetstone: parent and teacher. Defendants anticipate Mr. Whetstone will testify regarding the program at John Morse.

**Twin Ridges Elementary School District Witnesses:**

10. Caleb Buckley: administrator. Defendants anticipate Mr. Buckley will testify regarding the Waldorf methods program at Yuba River.

11. Marshall Goldberg: parent. Defendants anticipate Mr. Goldberg will testify regarding the program at Yuba River.

12. Frank Lawrence: parent. Defendants anticipate Mr. Lawrence will testify regarding the

program at Yuba River.

13.    John Lee: parent. Defendants anticipate Mr. Lee will testify regarding the program at Yuba River.

14.    Deborah Lenny: principal. Defendants anticipate Ms. Lenny will testify regarding the program at Golden Valley Charter School.

15.    Jill Messier: teacher. Defendants anticipate Ms. Messier will testify regarding the upper grades program at Yuba River.

16.    Carol Nimick: teacher. Defendants anticipate Ms. Nimick will testify regarding the primary grades program at Yuba River.

17.    David Taylor: superintendent. Defendants anticipate Mr. Taylor will testify regarding the oversight and operation of Waldorf methods schools in Twin Ridges.

**Defendants' Expert Witnesses:**

15.    Robert Anderson: California Dept. of Education.  Defendants anticipate Mr. Anderson will testify as a percipient and an expert witness regarding the California State Curriculum Frameworks and the curriculum of both schools at issue.

16.    Dr. Douglas Sloan: Professor Emeritus, Teachers College, Columbia University. Defendants anticipate Dr. Sloan will testify as a percipient and expert witness regarding religion, philosophy, education, and anthroposophy.

## ATTACHMENT "C"

### Plaintiff's Amended Exhibit List

| | |
|---|---|
| 1. | Bob Anderson's Report re Anthroposphy and Waldorf Education, dated January 23, 1999 |
| 2. | Resume of Crystal Tilton Olson, Ed.D. |
| 3. | "Learning that Grows with the Learner: An Introduction to Waldorf Education" |
| 4. | Foundation Year Book List 1993-1994 |
| 5. | Teacher Education Book List 1993-1994 |
| 6. | Notes of Crystal Tilton Olson, Ed.D. |
| 7. | The John Morse Waldorf Methods School Draft Curriculum |
| 8. | Yuba River Charter School Mission Statement and Curriculum |
| 9. | "The Waldorf Approach Applied in the Public School Classroom, Summer Institute for Teachers, July 19-30, 1999, Rudolf Steiner College" |
| 10. | "The Waldorf Approach to Education," Betty Staley |
| 11. | "Comparison of Waldorf training (Diploma) at Steiner College and Oak Ridge Waldorf Certificate (adapted for the Public School Teacher)" |
| 12. | "Waldorf Education Adapted for the Public School Training Program, Oak Ridge Waldorf Methods Magnet Elementary School" |
| 13. | "Waldorf Education in America: A Promise and Its Problems," Ray McDermott |
| 14. | "Racism and Waldorf Education," Ray McDermott |
| 15. | "Anthroposophy and Waldorf Education" |
| 16. | Letter to "Twin Ridges Alternative School Collegues" from Terry Pequette, October 13, 1995 |
| 17. | "Twin Ridges Alternative Charter School, Parent Handbook, '95-'96" |
| 18. | "Waldorf Parenting Handbook," Lois Cusick |
| 19. | Twin Ridges, "Newsletter," September 21, 1995 |
| 20. | "Martinmas" |

| | | |
|---|---|---|
| 21. | Festivals in the Waldorf School with Activities, Songs, Verses for Children | |
| 22. | "First Grade Readiness and Related Issues," Joan Almon | |
| 23. | Anthroposophical Press, Complete Catalog | |
| 24. | "Man and Animal," Roy Wilkinson | |
| 25. | "What is Taught in Waldorf Schools?" William J. Bennetta | |
| 26. | "Charter for Indoctrination," Rob Boston | |
| 27. | "The Interpretation of Fairy Tales," Wilkinson | |
| 28. | "The Education of the Child and Early Lectures on Education," Rudolf Steiner | |
| 29. | "The Child's Changing Consciousness As the Basis of Pedagogical Practice," Rudolf Steiner | |
| 30. | "Rudolf Steiner, Esoteric Christianity, and the New Age Movement," Roger E. Olson | |
| 31. | "Waldorf Education and New Age Religious Consciousness" | |
| 32. | "Lecture II" | |
| 33. | Class notes of Kathleen Sutphen | |
| 34. | Letter from Robert Mc Dermott of Rudolf Steiner College to Friends, November 25, 1996 | |
| 35. | Notes re RSC Spring, 1997, Training Sessions | |
| 36. | "The Esoteric Basis of The Threefold Social Order and the Mission of Waldorf Education," Gary Lamb | |
| 37. | "Waldorf Education: Schooling the Head, Hands and Heart," Ronald E. Kotzsch, Ph.D. | |
| 38. | "Waldorf Education...An Introduction" by Henry Barnes | |
| 39. | Rudolf Steiner College Program Offerings | |
| 40. | Association of Waldorf Schools of North America "Position Statement: Affiliation with the Association of Waldor Schools of North America and Use of the trademark name "Waldorf" or "Rudolf Steiner" Education | |
| 41. | Student Work from Oak Ridge Elementary | |
| 42. | Student Work from Twin Ridges Elementary | |
| 43. | Oak Ridge School Student Work Reflecting Anthroposophy | |
| 44. | Twin Ridges Alternative Charter School Plan | |
| 45. | Twin Ridges Policy and Procedures | |
| 46. | Twin Ridges "Faculty Vision" | |

| 47. | "Dear Kindergarten Parents," August 30, 1995 |
| 48. | "Bibliography," handout to Twin Ridges' parents by 6th Grade teacher, September, 1995 |
| 49. | "Recommended Reading," handout to Twin Ridges parents, Fall, 1995 |
| 50. | "Some Guidelines for First Grad Readiness," Nancy Foster |
| 51. | "Confessions of A Waldorf Parent," Margaret Gorman |
| 52. | "Speaking with the Young Child (Through the Kindergarten Years)," Stephen Spitalny |
| 53. | "Interview Questions for Charter School Teachers" |
| 54. | To: Fellow Lavender Kindergarten Parents, From: Lisa Schenck |
| 55. | Notes re Carol Nimmick |
| 56. | Lee Pope – Biography |
| 57. | "Dear Parent Council Members and Fifth Grade Families," 1/17/96 |
| 58. | Newsletter, October 19, 1995 |
| 59. | Gateways Educational Services handout |
| 60. | Gateways Educational Services Report on Twin Ridges student Doc 1 |
| 61. | Gateways Educational Services Report on Twin Ridges student Doc 2 |
| 62. | What is Michaelmas? |
| 63. | Newsletter, September 21, 1995 |
| 64. | Letter to Parents from Faculty, September 21, 1995 |
| 65. | Newsletter, November 3, 1995 |
| 66. | Newsletter, November 9, 1995 |
| 67. | Newsletter, November 16, 1995 |
| 68. | Newsletter, November 30, 1995 |
| 69. | Newsletter, March 7, 1996 |
| 70. | Student Work, Ryan McKay's Reader |
| 71. | "Anthroposophical Society, Fostering the Life of the Soul" |
| 72. | "Anthroposophy and the Waldorf Schools," p. 117 |
| 73. | Anthroposophical Education, p. 283 |

| 74. | What is Eurythmy, Rene M. Querido |
|---|---|
| 75. | Lecture Notes from Rudolf Steiner College |
| 76. | SFWS, Bloom 1991, p. 2 |
| 77. | "A Christian Mystery" |
| 78. | "Morning Verse for Lower Grades" |
| 79. | "Nature-Based School" |
| 80. | "Christmas Season in a Public School," James W. Petersen |
| 81. | "Waldorf Education Develops the Fundamental Capacities of the Child Through the Balance of Its Subjects" |
| 82. | "The Plant World" |
| 83. | "The Wave Theory of Light" |
| 84. | Steiner, ONS, p. 112 |
| 85. | The Temple Legend, p. 220 |
| 86. | Lecture Three, p. 41 |
| 87. | Oak Ridge Elementary Pictures |
| 88. | Pictures from other Waldorf Schools |
| 89. | "The Waldorf Teacher's Survival Guide," Eugene Schwartz |
| 90. | "An Overview of the Waldorf Kindergarten: Articles form the Waldorf Kindergarten Newsletter 1981 to 1992 Volume One" |
| 91. | "Rudolf Steiner's Curriculum for Waldorf Schools: An Attempt to summarize his indications: A collection of quotations for the benefit of different Waldorf Schools." |
| 92. | "Lighting Fires (Inner Work for Teachers)," J. Smit |
| 93. | "The Esoteric Background of Waldorf Education, The Cosmic Christ Impulse," Rene M. Querido |
| 94. | "Dr. Rudolf Steiner and the Science of Spiritual Realities" video |
| 95. | "Rudolf Steiner: An Introduction to his Life and Works" video |
| 96. | "Waldorf Education: A Vision of Wholeness" video |
| 97. | "Reviving the Art of Education" video |
| 98. | "Taking a Risk in Education: Waldorf–Inspired Public Schools" video |

| 99. | Advent Spiral Video |
| 100. | "Taking back our schools, a manual for parents" |
| 101. | "Storytelling with children" |
| 102. | "Creating bedtime tales your children will dream on" |
| 103. | "Festivals family and food" |
| 104. | "Making make believe" |
| 105. | "The moral intelligence of children" |
| 106. | "How to raise a moral child" |
| 107. | "Festivals together, a guide to multicultural celebration" |
| 108. | "All Year Round (Festival ideas)," A. Druitt |
| 109. | "And Then Take Hands," M. Von Heider |
| 110. | "Biography of Waldorf Education," W. Aeppl |
| 111. | "Festivals Together," S. Fitzjohn |
| 112. | "Festivals With Children," B. Barz |
| 113. | "Festivals, Family and Food," D. Carey |
| 114. | "Introduction to Waldorf Education," H. Barnes |
| 115. | "Lighting Fires," J. Smit |
| 116. | "Multi-culturalism in Waldorf Education," WMCC |
| 117. | "Parent Participation in Waldorf Schools," M. Leist |
| 118. | "Recovery of Man in Childhood," A.C. Harwood |
| 119. | "Steiner Education in Theory and Practice," G. Chillis |
| 120. | "Waldorf Education Worldwide," H. Mattke |
| 121. | Waldorf Kindergarten Newsletters, Vol. I-II, Collection |
| 122. | "You Wanted to Know What a Waldorf School is" A. Howard |
| 123. | Volume 26, No. 1, "Money, Child and Man" |
| 124. | Volume 26, No. 3, "Europe, Child and Man" |
| 125. | Volume 27, No. 1, "Festivals, Child and Man" |

136. Volume 37, No. 2, "Craft and Design, Child and Man"

137. Volume 38, No. 1, "Child and Man"

138. Volume 38, No. 2, "Child and Man"

139. Volume 39, No. 2, "Child and Man"

130. Volume 39, No. 1, "Steiner Education"

131. "Proverbs and Sayings"

132. "Learning and Behavior"

133. "Practical Advice for Teachers"

134. "Your Child's Growing Mind"

135. "Rudolf Steiner's Curriculum for Waldorf schools"

126. Waldorf Education: Rudolf Steiner's Ideas in Practice

127. "The Norse Gamer," M. V. Lemvuen & I. Mocskops

128. Greek Myths, D'Aulaires

129. The Ramayana

140. Rev. Wilkinson on Hebrew legends

141. The Bible, New Revised Standard Edition

142. The Bible (selected excerpts)

143. The Bhagavad Gita

144. The Kalevala

145. Dorothy Harris on ancient history

146. "Sleep" Audrey McAllen

147. "Across the Centuries," Houghton Mifflin

148. "The Children of Odin," Patmia Collum

149. "Man and Mammal"

150. Seasonal Story and Song Books, Wynstone

151. Edmen on Waldorf education

152. http://www.imwld.l17.ca.us/

| | | |
|---|---|---|
| 1 | 153. | ~~http://www.crcentcrudtlpl?n.org/~~ |
| 2 | 154. | ~~http://www.sgusd.edu/slang-science/Johnmorse/~~ |
| 3 | 155. | ~~http://schools.sgusd.edu/johnmorse/~~ |
| 4 | 156. | ~~http://www.steinercollege.edu~~ |
| 5 | 157. | ~~http://www.anthroposophy.org/~~ |
| 6 | 158. | ~~http://www.thechristiancommunity.org~~ |
| 7 | 159. | ~~"Between Form and Freedom: A Practical Guide to the Teenage Years," Betty Staley~~ |
| 8 | 160. | "Hear the Voice of the Griot: A Guide to the History, Geography and Culture of Africa," Betty Staley |
| 9 | 161. | ~~"Tapestries: Weaving Life's Journey," Betty Staley~~ |
| 10 | 162. | ~~"Soul Weaving," Betty Staley~~ |
| 11 | 163. | ~~2004-2004 Year Booklists~~ |
| 12 | 164. | ~~Rudolph Steiner College Bookstore, Complete Catalog~~ |
| 13 | 165. | ~~The Christian Community Church, pictures~~ |
| 14 | 166. | ~~The Seminary of the Christian Community Church, pictures~~ |
| 15 | 167. | ~~Selected writings, The Christian Community Church~~ |
| 16 | 168. | ~~Selected writings, Transisku Hosse~~ |
| 17 | 169. | ~~Selected writings, Sanford Miller~~ |
| 18 | 170. | "Waldorf Education and Anthroposophy," Rudolph Steiner |
| 19 | 171. | ~~"Kingdom of Childhood," Rudolph Steiner~~ |
| 20 | 172. | "Outline of Esoteric Science," Rudolph Steiner |
| 21 | 173. | "The Spiritual Hierarchies," Rudolph Steiner |
| 22 | 174. | ~~"Spirit and Art," Van James~~ |
| 23 | 175. | ~~"Passion of the Western Mind," Richard Tarnas~~ |
| 24 | 176. | ~~"The Other America," Carl Stegmann,~~ |
| 25 | 177. | ~~"Parzival," Eschenbach~~ |
| 26 | 178. | ~~Selected Essays, Lectures, Poems (R.W. Emerson)~~ |
| 27 | 179. | ~~"The American Scholar" R.W. Emerson~~ |
| 28 | | |

| | |
|---|---|
| 180. | "Nature," R. W. Emerson |
| 181. | "Moby Dick," Herman Melville |
| 182. | "Civil Disobedience," H. D. Thoreau |
| 183. | "Intuitive Thinking as a Spiritual Path" (Philosophy of Spiritual Activity), Rudolph Steiner |
| 184. | "How to Know Higher Worlds," Rudolph Steiner |
| 185. | "Theosophy," Rudolph Steiner |
| 186. | "Calendar of the Soul," Rudolph Steiner |
| 187. | "Manifestations of Karma" (Reincarnation and Karma), Rudolph Steiner |
| 188. | "Karmic Relationships," Rudolph Steiner |
| 189. | "Questions and Answers on Reincarnation and Karma," Rene Querido |
| 190. | "Towards Social Renewal" (Threefold Social Order), Rudolph Steiner |
| 191. | "Freeing the Human Spirit," Michael Spence |
| 192. | "Rudolf Steiner, Herald of a Modern Consciousness," Stewart Easton |
| 193. | "Anthroposophical Leading Thoughts," Rudolph Steiner |
| 194. | "The Essential Steiner," Robert McDermott |
| 195. | "Study of Man," Rudolph Steiner |
| 196. | "Practical Advice to Teachers," Rudolph Steiner |
| 197. | "Discussions with Teachers," Rudolph Steiner |
| 198. | "Balance in Teaching," Rudolph Steiner |
| 199. | "Waldorf Education for Adolescents," Rudolph Steiner |
| 200. | "The Education of the Child," Rudolph Steiner |
| 201. | "Education as a Social Problem," Rudolph Steiner |
| 202. | "Three Lectures for Lectures for Teachers on the Curriculum," Rudolph Steiner |
| 203. | "Rudolf Steiner's Curriculum for Waldorf Schools," E. A. Karl Stockmeyer |
| 204. | "The Wisdom of Fairy Tales," Rudolf Meyers |
| 205. | "Curative Education," Rudolph Steiner |
| 206. | "Christianity as Mystical Fact," Rudolph Steiner |

| | | |
|---|---|---|
| 1 | 307. | "The Spiritual Guidance of the Individual and Humanity," Rudolph Steiner |
| 2 | 308. | "The Younger Generation," Rudolph Steiner |
| 3 | 309. | "Kingdom of Childhood," Rudolph Steiner |
| 4 | 310. | "The Child's Changing Consciousness & Waldorf Education," Rudolph Steiner |
| 5 | 311. | "Understanding Young Children," Rudolph Steiner |
| 6 | 312. | "The Cycle of the Year as a Breathing Process," Rudolph Steiner |
| 7 | 313. | "The Festivals and their Meaning," Rudolph Steiner |
| 8 | 314. | "Anthroposophy in Everyday Life," Rudolph Steiner |
| 9 | 315. | "The Four Seasons and the Archangels," Rudolph Steiner |
| 10 | 316. | "Finding Spiritual Year," Adrian Anderson |
| 11 | 317. | "Festival Images for Today," Carlo Pietzner |
| 12 | | |
| 13 | | |

## ATTACHMENT "D"

### Defendants' Exhibit List

1 **Defendants' Joint Exhibits:**

2 A.  Plaintiff's September 9, 1998 Response to Interrogatories propounded by SCUSD.

3 B.  Plaintiff's September 9, 1998 Response to Interrogatories propounded by Twin Ridges.

4 C.  Plaintiff's March 4, 1999 Response to Interrogatories propounded by SCUSD.

5 D.  PLANS' Answer to Special Interrogatories propounded by Defendants, Set No. Three,
6    dated January 15, 2004;

7 E.  PLANS' Response to Request for Admissions propounded by Defendants, Set No. One,
8    dated January 15, 2004;

9 F.  PLANS' Supplemental Answer to Special Interrogatories propounded by Defendants, Set
10   No. Three, dated February 22, 2004;

11 G.  PLANS' Second Supplemental Answer to Special Interrogatories propounded by
12   Defendants, Set No. Three, dated March 31, 2004;

13 H.  PLANS' Response to Request for Production of Documents propounded by Defendants,
14   Set No. Two, dated March 31, 2004;

15 I.  PLANS' Supplemental Response to Request for Admissions propounded by Defendants,
16   Set No. One, dated March 31, 2004.

17 J.  State Curriculum Frameworks for Mathematics.

18 K.  State Curriculum Frameworks for Science.

19 L.  State Curriculum Frameworks for History/Social Science.

20 M.  State Curriculum Frameworks for English-Language Arts.

21 N.  California Department of Education handbook entitled "Moral, Civic, and Ethical
22   Education."

23 O.  California Department of Education handbook entitled "Social Studies Review, Character
24   Education."

25 P.  California Department of Education handbook entitled "Elementary Makes the Grade."

26 Q.  California Department of Education Character Education annotated bibliography.

R.    California Department of Education Character Education documents.

S.    The President's Guidelines to Religion in Schools.

1   T.    PLANS/Dugan e-mails and web-site postings.

2   **Sacramento City Unified School District Exhibits:**

3   U.    Curriculum for John Morse Waldorf Methods Magnet School.

4   V.    John Morse Teacher Lesson Plans.

5   W.    John Morse Block Rotation Schedules.

6   X.    Collective Bargaining Agreement between Sacramento City Unified School District and

7        Sacramento City Teachers Association.

8   Y.    Photographs of John Morse.

9   Z.    July 1997 letter from Dan Dugan to Tom Griffin.

10  AA.   July 1997 letter from Dan Dugan to Matt McDonald.

11  **Twin Ridges Elementary School District Exhibits:**

12  BB.   Curriculum for the Yuba River Charter School.

13  CC.   Current Charter for Yuba River Charter School.

14  DD.   Yuba River Charter School Teacher Lesson Plans.

15  EE.   Yuba River Charter School Block Rotation Schedules.

16  FF.   Yuba River Charter School Weekly Schedule.

17  GG.   Yuba River Charter School Accountability Reports.

18  HH.   Twin Ridges Elementary School District Accountability Reports.

19  II.   Twin Ridges Elementary School District Accountability Rubrics.

20  JJ.   Yuba River Charter School teacher evaluation forms.

21  KK.   Yuba River Charter School Newsletters.

22  LL.   Yuba River Charter School parents handout, Educational Overview.

23  MM.   Nevada County and Yuba River Charter School STAR profile.

24  NN.   Twin Ridges Elementary School District Newsletters.

25  OO.   Photographs of Yuba River Charter School.

26