UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANS, Inc.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO CITY UNIFIED SCHOOL DISTRICT, TWIN RIDGES ELEMENTARY SCHOOL DISTRICT, DOES 1-100,<br><br>　　　　Defendants. | CASE NO. CIV.S-98-0266 FCD PAN<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW; AND ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 52(c)**<br><br>Trial Date:　　September 12, 2005<br>Time:　　　　1:30 p.m.<br>Courtroom:　　2<br>The Honorable Frank C. Damrell, Jr. |

A bifurcated, non-jury trial was conducted in the above-entitled matter on September 12, 2005 on the threshold issue of whether anthroposophy is a religion for purposes of the Establishment Clause of the First Amendment to the United States Constitution and the provisions of the California Constitution that are involved in this case.

**I.
FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court hereby makes the following FINDINGS OF FACT AND CONCLUSIONS OF LAW:

**A.　Findings of fact:**

　　1.　This Court bifurcated the issues for trial in this case, in agreement with the parties, in its pretrial order dated April 20, 2005. The threshold issue of whether anthroposophy is a religion for Establishment Clause purposes was to be adjudicated before the remaining issues

807199.1
-1-

1 | in this case.

2 |      2.     At the final pretrial conference on February 11, 2005, the Court excluded Betty Staley and Crystal Olsen from Plaintiff's witness list since, (1) they had been previously disclosed as Defendants' experts, (2) they were subsequently listed by Plaintiff as "Defendants Experts," and (3) were never disclosed by Plaintiff as its expert witnesses prior to the deadline for disclosure of expert witnesses on April 16, 2004 (the court affirmed this finding at the April 1, 2005 hearing on the parties' motions in limine).

     3.     At or before the final pretrial conference on February 11, 2005, Plaintiff voluntarily withdrew Eugene Schwartz from its witness list.

     4.     At the trial on September 12, 2005, Plaintiff's counsel admitted that PLANS had not made any motion to amend the court's scheduling order under Federal Rule of Civil Procedure 16.  (RT at 3:20-23.)

     5.     At the start of trial on September 12, 2005, the court required Plaintiff to make an offer of proof as to how it would prove that anthroposophy is a religion for Establishment Clause purposes given its listed exhibits and witnesses.

     6.     Plaintiff's counsel first stated that he had "no proffer" based on the court's prior ruling described above in paragraph 2.  (R.T. 2:1-10.)

     7.     Plaintiff's counsel then stated that he had one item of evidence to support Plaintiff's case that anthroposophy is a religion, namely, Plaintiff's Exhibit 89, a book entitled <u>The Waldorf Teacher's Survival Guide</u>, written by Eugene Schwartz.  (R.T. 4:22-5:4.)

     8.     In support of Plaintiff's Exhibit 89, counsel read into the record Defendant SCUSD's Response to Interrogatories, Set No. 1, Interrogatory No. 9.  This interrogatory requested that SCUSD "identify all DOCUMENTS, in the possession or control of the answering defendant, and its agents, including all DOCUMENTS in the possession or control of individual teachers and administrators, which relate to training or instruction in Waldorf teaching methods or Waldorf curriculum."  SCUSD's response included, among many others books, <u>The Waldorf Teacher's Survival Guide</u>.

807199.1

-2-

9. Plaintiff claimed that this interrogatory response was an "adoptive admission" on behalf of SCUSD regarding "all sorts of religious basis for the Waldorf school system." (RT at 6:5-10.)

10. Plaintiff did not have any witnesses to testify concerning the contents of this book, including its author whom Plaintiff previously, voluntarily, withdrew as a witness.

11. Plaintiff did not proffer any further exhibits or witnesses on the issue of whether anthroposophy is a religion for Establishment Clause purposes.

12. Plaintiff rested its case on the threshold issue of whether anthroposophy is a religion.

**B.     Conclusions of Law:**

1. Plaintiff failed to carry its evidentiary burden of establishing that anthroposophy is a religion for purposes of the Establishment Clause of the First Amendment to the United States Constitution or the other California constitutional provisions involved in this case, as stated in the Court's pretrial order dated April 20, 2005.

2. Plaintiff's only proffered evidence, Exhibit 89, is inadmissible for a variety of reasons: Plaintiff did not proffer any foundation to support admissibility of the Exhibit (Fed. R. Evid. 602), nor did Plaintiff authenticate the Exhibit (Fed. R. Evid. 901(a)). Moreover, the Exhibit is rank hearsay and is not an "adoptive admission," under the exception to the hearsay rule (Fed. R. Evid. 801(c), 801(d)(2)(b), 802, 805).

3. Because the issue of whether anthroposophy is a religion is a threshold issue upon which the relevance of all other issues in this case depends, Plaintiff's failure to satisfy its burden of proof on the threshold issue is dispositive of this action.

**II.
ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT
UNDER FEDERAL RULE OF CIVIL PROCEDURE 52(c)**

Based upon the trial conducted in this action on September 12, 2005, upon the briefing of the parties on Defendants' motion for judgment under Federal Rule of Civil Procedure 52(c), and upon the above-stated findings of fact and conclusions of law, IT IS HEREBY ORDERED that defendants' motion for judgment under Rule 52(c) is GRANTED.

1     IT IS ORDERED AND ADJUDGED that Plaintiff take nothing, that the action be
2 dismissed on the merits and that Defendants recover their costs.

4 Dated: September 28, 2005        /s/ Frank C. Damrell Jr.
                                               Hon. Frank C. Damrell, Jr.
                                               United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

807199.1

-1-

PROOF OF SERVICE