UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

PLANS, INC.,

        Plaintiff,

  v.

SACRAMENTO CITY UNIFIED SCHOOL DISTRICT, TWIN RIDGES SCHOOL DISTRICT,

        Defendants.

NO. CIV. S 98-266 FCD EFB

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) brought by defendant Twin Ridges Elementary School District ("TRESD").[1] By its motion, TRESD seeks to dismiss the instant action against it on the ground there is no longer a "case or controversy" for purposes of Article III of the United States Constitution because as of June 30, 2007, it ceased chartering any Waldorf methods public schools. For the reasons set forth below, TRESD's motion

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

1

is GRANTED.

## BACKGROUND

In February 1998, plaintiff PLANS, Inc. ("plaintiff" or "PLANS") filed a complaint for declaratory and injunctive relief against Sacramento City Unified School District and TRESD.  PLANS sought to enjoin TRESD from operating schools implementing Waldorf methods.  (Pl.'s Compl., filed Feb. 11, 1998, ¶ 11.) From the time the complaint was filed until recently, TRESD chartered several schools, including the Yuba River Charter School, that utilized Waldorf methods.  (Decl. of Joan Little ["Little Decl."], filed Jan. 22, 2008, ¶ 2.)  On or about June 30, 2007, TRESD ceased to be the chartering authority for all such schools.  (Little Decl. ¶ 3.)  Currently, the Nevada County Office of Education is the chartering authority for the Yuba River Charter School.  (Little Decl. ¶ 4.)

## STANDARD

"The jurisdiction of federal courts depends on the existence of a 'case or controversy' under Article III of the Constitution."  <u>GTE California, Inc. v. Federal Communications Comm'n</u>, 39 F.3d 940, 945 (9th Cir. 1994).  Generally, a case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." <u>Murphy v. Hunt</u>, 455 U.S. 478, 481 (1982) (quoting <u>U.S. Parole Comm'n v. Geraghty</u>, 445 U.S. 388, 396 (1980)).  The court must be able to grant effective relief, otherwise it lacks jurisdiction. <u>GTE California, Inc.</u>, 39 F.3d at 945.

However, an otherwise moot case may be heard if it falls within one or more of the recognized exceptions to the mootness

2

doctrine.  One such exception, relevant here, is "voluntary cessation."  A defendant's voluntary cessation of allegedly illegal conduct will not deprive the court of jurisdiction unless:

> (1) it can be said with assurance that 'there is no reasonable expectation' that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.

County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (internal quotations and citations omitted).  The "heavy" burden of making these showings is on the party asserting mootness.  Id.

**ANALYSIS**

TRESD contends plaintiff's case against it is now moot because TRESD has ceased chartering Waldorf methods public schools.  The court agrees.  The central inquiry is whether effective relief can be granted to PLANS.  Cantrell v. City of Long Beach, 241 F.3d 674, 678 (9th Cir. 2001).  The court cannot enjoin TRESD from operating schools it no longer operates.  Accordingly, the issues are no longer "live," rendering the case moot.

The only question remaining is whether TRESD's actions fall within the exception to the mootness doctrine for voluntary cessation.  The court finds both conditions for applying the mootness doctrine have been met, and therefore the exception for voluntary cessation does not apply.

TRESD has met the first condition because there can be no reasonable expectation it will revive chartering Waldorf methods public schools.  TRESD's superintendent does not indicate any intention to restart operating such schools, which would require

3

completion of an extensive chartering process under the California Education Code. See Cal. Educ. Code § 47605 et seq.; (Little Decl. ¶s 4-6.) Moreover, due to recent amendments to the law, TRESD is unable to charter any of the subject schools in the future. See Cal. Educ. Code § 47605(a) (requiring chartered schools to be located within the geographic boundaries of the school district). Operation of these school has been taken over by other entities. PLANS does not dispute these critical facts. Rather, PLANS argues TRESD has not provided enough evidence to ensure there is no reasonable likelihood it will revive operations. The court finds TRESD has proffered sufficient evidence to show the allegedly wrongful behavior cannot reasonably be expected to recur.

TRESD has also met the second condition because TRESD's cessation of chartering Waldorf methods public schools has cured the allegedly injurious effects (i.e. teaching of Waldorf methods) of which PLANS complains. To the extent PLANS is concerned about prospective injuries, this case will proceed against defendant Sacramento City Unified School District. Any decision the court may make about the illegality of public entities operating Waldorf methods schools would set a precedent for preventing such entities from operating Waldorf methods public schools in the future.

## CONCLUSION

For the foregoing reasons, TRESD's motion to dismiss plaintiff's complaint against it as moot is GRANTED. TRESD is hereby dismissed as a party to this action.

4

1    On February 12, 2008, the court issued an order to show cause ("OSC") to PLANS' counsel regarding plaintiff's failure to timely file an opposition or non-opposition to TRESD's motion in accordance with Local Rule 78-230(c).  (Docket #287.)  The court HEREBY DISCHARGES said OSC based on plaintiff's counsel's response (Docket #290), as counsel explains that he is presently suffering from severe mental illness.  In his response to the OSC, plaintiff's counsel requests a sixty day stay of the action in order to permit him time to find substitute counsel for PLANS.  TRESD and remaining defendant Sacramento City Unified School District oppose the stay (see Docket #s 291, 292.)  Because counsel's request is opposed, the court will not stay the action at this juncture and directs counsel to formally notice a motion to stay the proceedings.

IT IS SO ORDERED

DATED: March 4, 2008.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

5