UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

PLANS, INC.,

      Plaintiff,

  v.

SACRAMENTO UNIFIED SCHOOL DISTRICT, TWIN RIDGES ELEMENTARY SCHOOL DISTRICT, DOES 1-100,

      Defendants.

NO. CIV. S-98-266 FCD EFB

MEMORANDUM AND ORDER

----oo0oo----

This case comes before the court on plaintiff PLANS, Inc.'s ("plaintiff") motion to augment its trial exhibit list, previously included with the court's final pretrial conference order, and which governed the initial trial in this matter.[1] (Docket #229.) On September 28, 2005, the court entered judgment

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

in favor of defendant Sacramento City Unified School District ("SCUSD"), pursuant to Federal Rule of Civil Procedure 52(c), on the ground plaintiff failed to meet its evidentiary burden to establish that anthroposophy is a religion for purposes of the Establishment Clause.  On November 21, 2007, the Ninth Circuit reversed this court's judgment, finding that the court erred in excluding certain witnesses' percipient testimony.  The Ninth Circuit held that "because [plaintiff] intended to call [Betty Staley, Crystal Olsen and Robert Anderson] . . . as percipient witnesses, it did not need to comply with the court's deadline for expert disclosures."  (Docket #281.)  This court had found that the subject witnesses' proffered testimony was *expert* opinion, and having failed to timely disclose the testimony, plaintiff was precluded from offering it at trial.  The Ninth Circuit disagreed, and further emphasized that there was no prejudice to SCUSD because plaintiff had disclosed the witnesses as early as January 2001 and the district, itself, had designated the witnesses as experts.  (Id.)

Following the remand, this court granted defendant Twin Ridges Elementary School District's motion to dismiss, leaving SCUSD as the sole defendant.  (Docket #295 [dismissing Twin Ridges since as of June 30, 2007, it ceased chartering any Waldorf method public schools].)  Following this order, filed March 4, 2008, there was no activity in the case until May 29, 2009, when plaintiff filed a substitution of attorney, replacing Scott Kendall with Donald Michael Bush.  The parties thereafter requested extensions of time to file a joint status conference statement.  The court held a status conference on December 11,

2009.

At that conference, the court set (1) a further final pretrial conference; (2) a trial date for Phase I of the trial (to determine whether anthroposophy is a religion for Establishment Clause purposes); and (3) a hearing date, in advance of trial, for the parties' motions in limine.  (Docket #306.)[2]  Plaintiff indicated that it may wish to move the court to reopen discovery to permit plaintiff to modify its proffered witnesses and evidence for trial.  The court emphasized that the Ninth Circuit's remand order only permitted plaintiff to offer at trial the percipient testimony of Staley, Olsen and Anderson; it did not permit plaintiff to reopen discovery or otherwise modify the court's prior final pretrial conference order.  The court directed that if plaintiff sought any such actions, it must file an appropriate motion under Rule 16.

By the instant motion, plaintiff does not seek to reopen discovery but rather requests permission to modify its trial exhibit list to delete certain original exhibits and add other documents in support of its position that anthroposophy is a religion.  At this juncture, the court will permit plaintiff to modify its exhibit list, as typically, the court does not render any rulings with respect to proffered exhibits until trial.  In preparing their joint final pretrial conference statement, parties submit with the statement their expected witnesses and trial exhibits, which the court simply attaches as exhibits to

---

[2] Said dates were subsequently modified by Minute Order of April 12, 2010 (Docket #313) due to plaintiff's request to continue the final pretrial conference date.

its final pretrial conference order.  (<u>See e.g.</u> Docket #229.) Thereafter, at the time of trial, normally during the hearing on motions in limine, the court rules on any objections to the parties' respective witnesses and trial exhibits.  The court will follow its typical procedures in this case as well.

Therefore, both parties may file with their joint pretrial conference statement amended witness and exhibit lists.  Each side may later object to the witnesses or exhibits, including on the ground that the testimony and/or exhibit was not disclosed during the course of discovery, at the time of the hearing on the parties' motions in limine.  Where appropriate, the parties shall file separate motions in limine directed at specific evidence, supported by a memorandum of points and authorities.  At that point, on full briefing, the court can properly consider possible evidentiary objections, including relevancy, hearsay and authentication.

Pursuant to the court's Minute Order of April 12, 2010 motions in limine will be heard on August 13, 2010, and trial of Phase I will commence on August 31, 2010.  At the December 2009 status conference, the court directed the parties to summarize, in their joint final pretrial conference statement, each witness' expected testimony, including any percipient testimony and/or expert opinion.  To facilitate the court's ruling on any objections to the trial exhibits, the court orders the parties to exchange all trial exhibits on or before August 2, 2010.  If a party moves to exclude any exhibit, it shall submit a copy of the subject exhibit with its motion in limine. Provision of the parties' final, trial exhibit binders will be as directed in the

court's final pretrial conference order, which shall issue following the conference set for June 25, 2010.

IT IS SO ORDERED.

DATED: April 19, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE